MR. JUSTICE SHEA,
dissenting:
I would grant the petition for writ of supervisory control and suppress use of the shoes as evidence.
The majority states that “petitioner’s shoes were taken from him at the time of the arrest.” But, they were not taken to hold as evidence. They were taken along with all his clothes and belongings on his person as part of the standard booking procedures used when a person is arrested and taken to jail. His clothes and shoes were not “seized” at that time.
At the time defendant was booked he was under arrest only for car burglary, and his clothes (including his shoes) were taken from him before he was ever a suspect in the burglary of the house. It was later that the police checked the footprints outside the house and comparing them with defendant’s shoes, determined that he might be linked to the house burglary.
*200 Until his release from jail, defendant’s clothes and shoes were in the lawful custody of the police. Upon his release, if the police wanted to keep the shoes for further investigation of the house burglary, they should have applied to the district court for an order impounding the shoes. In not doing so, and in refusing to return defendant’s shoes to him upon his release from jail, they violated section 95-714, R.C.M.1947. The statute is rendered meaningless if the police are not compelled to either obtain a court order impounding a defendant’s clothes or personal belongings, or to return them to the defendant upon his release from jail. Suppressing the evidence is the only meaningful way of assuring compliance with that statute.